IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUSTIN PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:06-cv-224-WDS |
| | ) | |
| TIMOTHY BISHOP, Deputy, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge William D. Stiehl pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss for Lack of Prosectuion (Doc. 24), filed by Defendants on May 13, 2008. For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that this action be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

## FINDINGS OF FACT

Plaintiff, a former detainee in the Jackson County, Illinois, jail, filed this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff's complaint states that on December 4, 2005, Defendants brought him into the custody of the Jackson County Jail and, upon arrival, dragged him into an empty cell and beat him until he was unconscious.

Judge Stiehl's January 31, 2007 Memorandum and Order (Doc. 8) referred this matter to the undersigned judge and further advised Plaintiff that he "is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts" and that

"[t]his shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs." (Doc. 8 at 5).

Defendants were served with process and responded to Amended Complaint (Doc. 1), by filing an Answer (Doc. 21) on October 4, 2007. This Court then entered a Scheduling Order (Doc. 22), which permitted Defendants to serve discovery on Plaintiff. That same order again stated, "Plaintiff is to advise the Court and opposing counsel of any changes in his mailing address within 7 days of the address change," and, "Failure to do so will result in sanctions which may include dismissal." (Doc. 22). This order was mailed to Plaintiff at his address of record but was returned as undeliverable.

Defendants' Motion alleges that after sending Plaintiff a Set of Interrogatories on February 14, 2008, Plaintiff contacted Defendants' counsel and indicated he had received the interrogatories, but that he did not wish to pursue the case any further (Doc. 24 at ¶ 5). Defendant then sent Plaintiff a Stipulation for Dismissal to sign but it was not returned. Thereafter, the instant motion was filed on May 13, 2008.

On June 2, 2008, the undersigned entered Order that stated, "Plaintiff is **WARNED** that failure to timely respond to the Motion to Dismiss for Lack of Prosecution (Doc. 24) or failure to timely keep the Court informed of his current address **may result in dismissal of this action with prejudice** for failure to prosecute or failure to comply with Court orders." (Doc. 25). The Court instructed the Clerk of Court to mail a copy of the order to Plaintiff's address of record and to another address provided by Defendants to which they believed was more current. Both mailings were returned as undeliverable (Docs. 26, 27).

**CONCLUSIONS OF LAW**

Federal Rule of Civil Procedure 41(b) provides that, upon motion, a court may dismiss an action for failure to prosecute and for failure to comply with court orders. It is clear in this case that Plaintiff is not actively prosecuting this lawsuit. Specifically, Plaintiff has failed to respond to discovery propounded by Defendants, and has further failed to provide any explanation for the failure to do so. Plaintiff has failed to respond to this Court's June 2, 2008, Order that specifically warned Plaintiff that failure to respond to the instant motion would result a recommendation that his case be dismissed.

In light of his neglect of the case and the Court's specific warning that the action is in jeopardy of being dismissed, dismissal for want of prosecution is appropriate at this time. Daniels v. Brennan, 887 F.2d 783, 787 (7th Cir. 1989) ("The power of federal judges to dismiss for want of prosecution is based in part on the necessity to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); Matter of Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995). Plaintiff has offered no excuse for the failure to prosecute and has failed to respond to this Court's order.

Failing to notify the Court and opposing counsel of Plaintiff's change of address is another example of how Plaintiff has failed to timely prosecute this matter. It is readily apparent that Plaintiff has failed to inform the Clerk's Office of his current address, as required by SDIL-LR 3.1 and this Court's Scheduling Order (Doc. 22), as evidenced by the returned mail on June 10, and 13, 2008. Plaintiff was unambiguously warned by this Court of the consequences of failing to notify the Court within seven days of an address change in the Court's Scheduling Order (Doc. 22), but he has failed to do so. Further, Defendants provide evidence, by way of sworn affidavit, that Plaintiff informed Defendants that he did not wish to pursue this case

further (Doc. 24-3 at ¶ 3). As Plaintiff has offered no excuse for his failure to prosecute, and the Court finds that he has failed to timely prosecute this matter, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 84) be **GRANTED**.

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss for Failure to Prosecute (Doc. 24) be **GRANTED**, that this action be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 3, 2008**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**